United States District Court
Southern District of Texas

**ENTERED**

August 30, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE LEE DRONES, | § | |
| TDCJ #472216, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-2724 |
| | § | |
| UNITED STATES DISTRICT | § | |
| COURT, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

The plaintiff, Jesse Lee Drones (TDCJ #472216), is an inmate incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Robertson Unit in Abilene. Drones has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), asserting illegible allegations against the "U.S. District Court, Attorney [sic] Officials and, Counsel, (D.A.), Judge: Prosecutor[.]" He has also submitted two supplements to his Complaint (Docket Entry Nos. 3, 4). One of those supplements includes a statement about the available balance in his inmate trust fund account (Docket Entry No. 3, p. 1), which is construed as a request for leave to proceed in forma pauperis. That request will be denied and this action will be dismissed for the reasons explained below.

This civil action is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding in forma pauperis. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996), abrogated on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1762-63 (2015). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of non-meritorious' prisoner cases") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)).

Court records reflect that Drones is a recreational litigant who has filed more than 58 prisoner civil rights actions, 49 habeas corpus proceedings, and 63 appeals in the federal courts. He has accumulated numerous strikes for filing civil rights actions that were found to be frivolous: (1) Drones v. Pipkin, Civil No. 4:00-34 (S.D. Tex. Feb. 6, 2001); (2) Drones v. Cockrell, Civil No. 4:01-2691 (S.D. Tex. Dec. 31, 2001); (3) Drones v. State Classification Committee, Civil No. 4:01-2741 (S.D. Tex. Jan. 31,

-2-

2002); (4) <u>Drones v. Raging</u>, Civil No. 4:01-3492 (S.D. Tex. April 9, 2002); (5) <u>Drones v. State of Texas</u>, Civil No. 4:02-2944 (S.D. Tex. Sept. 26, 2002). Because many of his other civil actions have been dismissed under 28 U.S.C. § 1915(g), Drones is well aware that he is barred from proceeding <u>in forma pauperis</u> by the three-strikes rule.

On November 25, 2002, Drones was warned that he would face sanctions if he continued to file frivolous lawsuits. <u>See Drones v. Dretke</u>, 4:05-539 (S.D. Tex. Nov. 25, 2002) (Docket Entry No. 2, p. 3). After Drones failed to heed that warning, the Northern District of Texas imposed a monetary sanction of $25.00 against Drones in several cases for filing malicious and abusive cases in the federal courts: <u>Drones v. Medical Doctors</u>, Civil No. 1:07-87 (N.D. Tex. May 10, 2007); <u>Drones v. U.S. Criminal Justice Institutional Division Officials</u>, Civil No. 1:07-88 (N.D. Tex. May 11, 2007); <u>Drones v. Cullins</u>, Civil No. 1:07-89 (N.D. Tex. May 11, 2007); <u>Drones v. Mata</u>, Civil No. 1:07-90 (N.D. Tex. May 11, 2007); <u>Drones v. Pack</u>, Civil No. 1:07-91 (N.D. Tex. May 11, 2007); <u>Drones v. Davis</u>, Civil No. 1:07-92 (N.D. Tex. May 11, 2007).

In addition, the Fifth Circuit recently imposed a monetary sanction of $150.00 against Drones for failing to heed its previous warning by continuing to submit "repeated frivolous filings." <u>Drones v. Lumpkin</u>, No. 20-20598 (5th Cir. Aug. 13, 2021) (referencing the warning issued previously by the Fifth Circuit in

-3-

Drones v. Quarterman, No. 07-20676 (5th Cir. June 19, 2008)).[1]  The
Fifth Circuit's sanction order also prohibits Drones from further
filings without permission from the district court or the Fifth
Circuit.  See id.

Because Drones has more than three strikes under 28 U.S.C.
§ 1915(g), he may not proceed without prepayment of the filing fee
unless he is in imminent danger of serious physical injury.  See
Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam).
Drones has filed this action seeking compensatory damages from the
defendants    for    subjecting    him    to    "wrongful    conviction,"
prosecutorial misconduct, ineffective assistance of counsel, and
"unconstitutional deprivity [sic]."  Complaint, Docket Entry No. 1,
p. 4.  Drones does not demonstrate that he is in imminent danger of
serious physical harm and he does not fit within the exception to
the three-strikes rule found in § 1915(g).

More importantly, Drones cannot bring suit for monetary
damages stemming from allegations of wrongful conviction.  Court
records confirm that none of Drones's underlying convictions have
been set aside.  See, e.g., Drones v. Lumpkin, Civil No. 4:20-3719
(S.D. Tex. Nov. 24, 2020) (Docket Entry No. 6, p. 2) (summarizing
the convictions entered against Drones and the sentences that he is
serving).  Therefore, his claims are plainly barred by the rule in

---

[1]A copy of the Fifth Circuit's sanction is on file in Drones
v. Lumpkin, Civil No. 4:20-3719 (S.D. Tex.) (Docket Entry No. 10).

Heck v. Humphrey, 114 S. Ct. 2364 (1994), which provides that a
civil rights plaintiff cannot recover money damages based on
allegations of "unconstitutional conviction or imprisonment, or for
other harm caused by actions whose unlawfulness would render a
conviction or sentence invalid," without first proving that the
challenged conviction or sentence has been "reversed on direct
appeal, expunged by executive order, declared invalid by a state
tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of habeas corpus
[under] 28 U.S.C. § 2254."   Heck, 114 S. Ct. at 2372.   Therefore,
the dismissal will be with prejudice.   See Johnson v. McElveen, 101
F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by
Heck are "dismissed with prejudice to their being asserted again
until the Heck conditions are met").   The dismissal will count as
another strike for purposes of 28 U.S.C. § 1915(g).

Accordingly, the court **ORDERS** as follows:

1.   The Prisoner's Civil Rights Complaint filed by
     Jesse Lee Drones (Docket Entry No. 1) is **DISMISSED
     with prejudice** pursuant to 28 U.S.C. § 1915A(b) as
     frivolous and for failure to state a claim.

2.   Because Drones is not eligible to proceed in forma
     pauperis, any appeal submitted by him in this case
     must be accompanied by the full amount of the
     filing fee ($505.00).   Under the terms of the Fifth
     Circuit's recent sanction order in No. 20-20598,
     Drones must also obtain written permission to
     proceed, which this court declines to grant.

3.   Drones is **WARNED** that any further frivolous filings
     submitted by him in this case may result in
     additional sanctions, including increased monetary

-5-

penalties.

**The Clerk will provide a copy of this Order to the plaintiff. The Clerk will also provide a copy to (1) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov; and (2) the TDCJ Office of General Counsel at the email address on file with the court.**

**SIGNED** at Houston, Texas, on this 30th day of AUGUST, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE